IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| KENNETH HERMAN, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-03378-AW |
| | * | |
| LINCOLN NATIONAL LIFE INSURANCE | * | |
| COMPANY, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Memorandum Opinion

Currently pending before the Court is Plaintiff's Motion for Remand. *See* Doc. No. 12. This case was filed against Defendant Lincoln National Insurance Company ("Lincoln") in the District Court of Maryland for Montgomery County on or about October 20, 2011. *See* Doc. No. 1 at 1. On November 22, 2011, Defendant removed the instant action to this Court, contending that Plaintiff's claims are preempted by ERISA and thus raise a federal question over which this Court has subject matter jurisdiction. *See id.* at 3. On December 21, 2011, Plaintiff filed the instant Motion for Remand. Doc. No. 12. Plaintiff has not filed a timely Reply to Defendant's Response brief, and thus this matter is ripe for review. *See* Loc. R. 105.2.a. (D. Md. 2010). The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* Loc. R. 105(6). For the reasons discussed below, the Court DENIES Plaintiff's Motion.

I.      **Factual and Procedural Background**

Plaintiff brings this action to recover $22,424.73 to which he claims he is entitled under "a valid contract." Compl.  Plaintiff's Complaint is only one paragraph long and does not discuss the nature of the contract. However, Defendant's Vice President, Associate General Counsel Charles D. Cunningham, Jr. ("Cunningham") attests in a Declaration that the contract at issue is an Employee Welfare Benefit Plan (the "Plan") sponsored by Shoppers Food Warehouse Corporation. *See* Doc. No. 1 Ex. 2 at 1. According to Cunningham, accidental death and health care benefits under the Plan were funded by a Group Insurance Policy (the "Policy") which was issued by a predecessor-in-interest to Defendant, for the benefit of the Exec-U-Care Group Medical Reimbursement Insurance Trust ("Exec-U-Care"). *Id.* Shoppers Food Warehouse Corporation, or rather Jumbo Food Stores, Inc., its predecessor-in-interest, was a participating employer in the Policy.

In his Complaint, Plaintiff asserts state law claims for recovery of health care benefits that were submitted around July 14, 1995, plus accrued interest and attorneys' fees. Plaintiff claims that he did in fact receive a check from Exec-U-Care for the $22,424.73 amount owed, but that he never endorsed or deposited the check. Defendant subsequently failed to deliver the unclaimed funds to the Comptroller of Maryland, Compliance Division, Unclaimed Property as required by state law. Plaintiff contends that his Complaint does not implicate ERISA but merely implicates state law claims for failure to reissue a payment check or escheat Plaintiff's funds to the State of Maryland, as required by Ann. Code of Maryland Comm. Law Art. 17-101.[1]

## II.        Standard of Review

---

[1]Defendant contends that the statute cited by Plaintiff does not provide a private cause of action. The Court finds it unnecessary to reach the merits of Plaintiff's state law claims.

The right to remove a case from state to federal court arises from § 1441, which states in relevant part: "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending." 28 U.S.C. § 1441; *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Defendants seeking removal carry the burden of establishing federal jurisdiction. *Id.*

Generally, to establish federal question jurisdiction, "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed … It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *See* 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998). However, there is an exception to this rule: a state claim may be removed even when a federal question is not presented in Plaintiff's Complaint when "a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "ERISA is one of these statutes." *Id.* at 208.

### III.       Analysis

Defendant has removed the instant action on the ground that Plaintiff's state-law claims fall within the scope of ERISA's civil enforcement provision, § 502(a)(1)(B), and are thus completely preempted by ERISA.  ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C.

§ 1144(a) (2010). The term "State laws" includes "all laws, decisions, rules, regulations, and other State action having the effect of law of any State." 29 U.S.C. § 1144(c)(1).

ERISA's preemption provision is construed broadly, such that a law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, (1983). The Supreme Court has determined that ERISA's civil enforcement provisions "were intended to provide exclusive remedies for ERISA-plan participants and beneficiaries asserting improper processing of benefit claims." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 41 (1987). The Fourth Circuit has also made clear that:

> ERISA's civil enforcement provision, § 502(a) … completely preempts state law claims that come within its scope and converts these state claims into federal claims under § 502. Thus, when a complaint contains state law claims that fit within the scope of ERISA's § 502 civil enforcement provision, those claims are converted into federal claims, and the action can be removed to federal court."

*Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002).

Section 502(a)(1)(B) of ERISA provides a cause of action for plan participants or beneficiaries to recover benefits wrongly denied them under the terms of the Plan. *See* 29 U.S.C. § 1132(a)(1)(B). To determine whether Plaintiff's claims fall within ERISA's civil enforcement provision, we must examine his claims, the state laws upon which they are based, and the Employee Benefit Plan upon which he seeks to collect. *See Davila*, 542 U.S. at 211.  Plaintiff contends that his claim to Plan benefits is not one made "under the terms of the Plan" because there is no question regarding entitlement—he had already been cut a check for the $22,424.73 owed. Rather, Plaintiff argues that the legal theories implicated by his Complaint relate only to state law claims for failure to reissue a payment check, replace a payment check, or escheat Plaintiff's unclaimed funds to the State of Maryland.

4

The Court disagrees. While there seems to be no question that Plaintiff was entitled to the $22,424.73 at one point back in 1995, his entitlement to the proceeds at this point is clearly at issue. In determining Plaintiff's right to recovery, the Court must look to the terms of the ERISA Plan and Group Policy upon which Plaintiff's entitlement is based. *See Davila*, 542 U.S. at 210-11. The Group Policy, attached by Defendant in its Notice of Removal, provides the manner in which claims must be made and payments distributed, including coverage limitations. For example, the policy states in Section 8, "CLAIM PROCEDURES", that "No legal action may [sic] brought more than three years after the date written proof of loss is required to be given." Doc. No. 1 Ex. 3 at 11. The Policy's language applies to Plaintiff's claim and implicates his ability to recover the proceeds originally owed him.

"Because [Plaintiff's] state-law claims cannot be resolved without passing on the validity of the[se] term[s] of [his] ERISA plan, those claims are within the scope of § 502(a) and therefore are completely preempted." *See Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 291 (2003) (holding that, to the extent plaintiffs' claims sought return of plan benefits unreduced by subrogation and equitable relief, they fell within scope of ERISA civil enforcement provision and were completely preempted, leading to their conversion into federal claims and removal to federal court).

Accordingly, the Court finds that Plaintiff's claims for the recovery of ERISA benefits fall within the scope of ERISA's civil enforcement provision and are completely preempted. Plaintiff's Complaint thus comes within 28 U.S.C. § 1132(a)(1) and is removable to this Court pursuant to 28 U.S.C. § 1441, under the Court's federal question jurisdiction.

**IV.      Conclusion**

For the foregoing reasons, Plaintiff's Motion for Remand is DENIED. A separate Order will follow.


  February 7, 2012                                   /s/
           Date                                  Alexander Williams, Jr.
                                          United States District Judge