IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| KENNETH HERMAN,<br>    Plaintiff,<br><br>    v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 11-cv-03378-AW<br>*<br>*<br>*<br>* |

*******************************************************************************

## Memorandum Opinion

Currently pending before the Court is Defendant Lincoln National Life Insurance Company ("Lincoln National")'s Motion to Dismiss. *See* Doc. No. 22. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court will GRANT Defendant's Motion to Dismiss.

**I.   Factual and Procedural Background**

Plaintiff Kenneth Herman brought this action to recover $22,424.73 of ERISA benefits to which he claims he is entitled under contract. Compl. The contract at issue is an Employee Welfare Benefit Plan (the "Plan") sponsored by Jumbo Food Stores, Inc., a predecessor-in-interest to Shoppers Food Warehouse Corporation. *See* Doc. No. 1 Ex. 2 at 1. Accidental death and health care benefits under the Plan were funded by a Group Insurance Policy (the "Policy") which was issued to Defendant for the benefit of the Exec-U-Care Group Medical Reimbursement Insurance Trust ("Exec-U-Care"). *Id.*

Plaintiff's one-paragraph Complaint asserts state law claims for the recovery of health care benefits that were submitted around July 14, 1995, plus accrued interest and attorneys' fees. Compl.  This Court has jurisdiction because Plaintiff's state law claims are preempted by § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA").  *See* Doc. No. 18 at 4-5.

Plaintiff claims that he in fact received a check from Exec-U-Care for the $22,424.73 amount, dated July 14, 1995, but that the check was never endorsed or deposited.  *See* Doc. No. 1 Ex. 5 at 4.  Plaintiff also claims that a replacement check was never issued by Defendant.[1] Plaintiff further asserts that Defendant failed to deliver the unclaimed funds to the Comptroller of Maryland, Compliance Division, Unclaimed Property, as required by the Maryland Uniform Disposition of Abandoned Property Act ("Unclaimed Property Act").

**II.        Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176

---

[1] Defendant disputes this claim.  Doc. No. 26 at 4.

F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**III.     Analysis**

Plaintiff makes two distinct claims: (1) a breach of contract claim to recover $22,424.73 in unpaid benefits; and (2) a claim under the Maryland Unclaimed Property Act to enjoin Defendant from withholding the unclaimed benefits from the Comptroller of Maryland. *See* Compl. The Court has found that Plaintiff's claims for unpaid benefits relate to an employee benefit plan and are thus completely preempted by ERISA. *See* Doc. No. 18 at 5. Preemption does not necessarily lead to dismissal of Plaintiff's claims however; such claims are instead "converted into federal claims that need to be decided as federal claims under § 502(a) [of ERISA]." *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 292 (4th Cir. 2003). Accordingly, the Court will treat each cognizable claim as arising under § 502(a).

A.  *Unpaid Benefits Claim*

ERISA empowers a participant or beneficiary through civil litigation "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff filed suit on October 20, 2011 to collect benefits previously issued to Plaintiff nearly 17 years ago via a check that Plaintiff never endorsed or deposited. ERISA does not contain a statute of limitations for actions like this one to recover ERISA benefits, and also does not specify when the limitations period begins to run. *White v. Sun Life. Assurance Co. of Canada*, 488 F.3d 240, 245 (4th Cir. 2007). As a result, the Fourth Circuit has determined that "[g]enerally, ERISA allows plans the flexibility to set their own limitations periods," and that "where a plan does not contain a valid limitations period, courts may apply the applicable state statute of limitations." *Belrose v. Hartford Life & Accident Ins. Co.*, No. 10–2405, 2012 WL 1237792, at *1 (4th Cir. Apr. 13, 2012) (citations omitted). Where a limitations period is contained within an ERISA plan, it is valid as long as it is neither unreasonable nor against established public policy. *See id.* at *2.

Here, the Plan provides that "No legal action may brought [*sic*] more than three years after the date written proof of loss is required to be given." Doc. No. 1 Ex. 3 at 9. The Plan's three-year statute of limitations is analogous to the limitations period set forth for a breach of contract claim in Maryland, and thus appears to be reasonable as applied to Plaintiff's contract-related claims. *See Dameron v. Sinai Hosp. of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir. 1987) (finding that ERISA claims for unpaid benefits are most analogous to state law contract claims).

Additionally, the Court must determine when the three-year limitations period began to run. This inquiry is "governed by a uniform federal rule rather than the laws of the states." *White*, 488 F.3d at 245. Generally, the limitations period begins at the point a plaintiff is first able to file suit. *Id.* Under ERISA, a plaintiff cannot file suit until he or she has exhausted all administrative remedies by making a claim for benefits that is formally denied. *Id.* at 246 (citing

*Rodriguez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir. 1989)). Where, as here, the Plaintiff has never made a claim for benefits and been denied, the Fourth Circuit applies an alternative approach and determines that the limitations period begins to run at "the time at which some event other than a denial of a claim should have alerted [the plaintiff] to his entitlement to the benefits he did not receive …[.]" *Cotter v. E. Conference of Teamsters Ret. Plan*, 898 F.2d 424, 429 (4th Cir. 1990).

Here, Plaintiff made a claim for benefits sometime around July 14, 1995 and received a check for the benefits claimed. Certainly receiving such a benefits check must have alerted Plaintiff to his entitlement to the benefits requested. Plaintiff does not claim that he failed to receive the check, only that he failed to endorse or deposit it. Under this approach, the three-year statute of limitations began to run in 1995, when Plaintiff first became aware of his entitlement to benefits, and expired in 1998. Plaintiff did not file this suit until October 20, 2011—well over a decade after the expiration of the limitations period. It follows that Plaintiff's claim for unpaid benefits is time barred.

B. *Abandoned Property Act Claim*

As discussed below, Plaintiff has not stated a legally cognizable claim under the Maryland Unclaimed Property Act and thus the Court will not proceed to construe this claim as one arising under ERISA. Plaintiff contends that Defendant was obligated under state law to transfer his unclaimed benefits to the State of Maryland for safekeeping. *See* Md. Code Ann., Com. Law § 17-312. While this may be true, the Maryland statute provides no private right of action for enforcement, and Plaintiff has not shown any other basis for standing to bring such a claim. The Maryland statute provides in relevant part that:

> [i]f any person fails to file any report or refuses to deliver property to the Administrator as required by this title, *the Administrator may bring an*

> *action* in a court of appropriate jurisdiction to require the filing of the
> report and to enforce delivery of the property.

*Id.* § 17-323(a) (emphasis added). Under the plain language of the statute, the administrator—who is defined by statute as the State Comptroller—may bring an enforcement action. *Id.* § 17-101. Nowhere in the statute is it provided that a private individual may also bring an enforcement suit. "A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974). Applying this maxim to the plain language of the Maryland Unclaimed Property Act, a private citizen lacks standing to bring the enforcement action contemplated by Plaintiff.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. A separate Order will follow.

| | |
|---|---|
|   June 4, 2012   |   /s/   |
| Date | Alexander Williams, Jr.<br>United States District Judge |